**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

WELLS FARGO BANK, N.A., and
WELLS FARGO ADVISORS, LLC,

    Plaintiffs,

v.                                                                                  Case No.:

FORREST CAPITAL PARTNERS, INC.,                      **Injunctive Relief Requested**
a Florida corporation, FORREST CAPITAL
AND CO., LCC, a Florida limited liability company,
WEATHERVANE PRODUCTIONS, INC., a Nevada
corporation, WVP HOLDING, LLC, an Oklahoma limited
liability company, BENJAMIN MCCONLEY, an individual,
and JASON VAN EMAN, an individual.

    Defendants.
_____/

## COMPLAINT

Plaintiffs, Wells Fargo Bank, N.A., and Wells Fargo Advisors, LLC, (collectively "Plaintiffs") file this Complaint against Defendants, Forrest Capital Partners, Inc., Forrest Capital and Co., LLC, Weathervane Productions, LLC, WVP Holding, LLC, Benjamin McConley, and Jason VanEman.

### NATURE OF ACTION

1. This lawsuit is brought in connection with Defendants' improper use of certain trademarks owned by Plaintiffs' parent company, Wells Fargo & Company. Plaintiffs are non-exclusive licensees of these marks, each of which contain general references to "Wells Fargo." Defendants' improper use of these marks has caused significant damage to Plaintiffs, because third parties who received the letters containing these marks associated and attributed the acts of Defendants to Plaintiffs. Plaintiffs therefore assert claims against Defendants for: a) violation of

the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1501 *et seq.*, for false designation of origin and unfair competition; and b) state law claims for violations of the Unfair and Deceptive Trade Practices Act, common law indemnification and under the wrongful act doctrine.

## PARTIES

2. Plaintiff, Wells Fargo Bank, N.A. is a national bank with its principal place of business in South Dakota.

3. Plaintiff, Wells Fargo Advisors, LLC is a Delaware limited liability company, and is a citizen of Delaware, Illinois, and Minnesota.

4. Defendant, Forrest Capital Partners, Inc. ("FCP") is a Florida corporation with its principal place of business in Ft. Lauderdale, Florida.

5. Defendant, Forrest Capital and Co., LLC ("FC") is a Florida limited liability company with its principal place of business in Ft. Lauderdale, Florida.

6. Defendant, Weathervane Productions, Inc. ("Weathervane") is a Nevada Corporation with its principal place of business in Bartlesville, Oklahoma.

7. Defendant, WVP Holding, LLC ("WVP") is an Oklahoma limited liability company with its principal place of business in Bartlesville, Oklahoma.

8. Defendant, Benjamin McConley ("McConley"), is an individual and a citizen of Florida, and resides in Miami, Florida.

9. Defendant, Jason Van Eman ("Van Eman") is an individual and citizen of Oklahoma, and resides in Bartlesville, Oklahoma.

## JURISDICTION & VENUE

10. This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as questions of federal law have been presented under 17 U.S.C. §§ 101, *et. seq.*, and 15 U.S.C. §§ 1114 and 1125(a). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District and a substantial part of the property that is the subject of this action may or may have been at relevant times in this District.

12. This Court has personal jurisdiction over FCP because it is a Florida corporation with its principal place of business in Ft. Lauderdale, Florida.

13. This Court has personal jurisdiction over FC because it is a Florida corporation with its principal place of business in Ft. Lauderdale, Florida.

14. This Court has personal jurisdiction over McConley because he is a citizen of Florida and committed a tort within Florida.

15. This Court has personal jurisdiction over the remaining Defendants because they have committed torts within Florida.

## GENERAL ALLEGATIONS

### I. The Wells Fargo Marks.

16. Wells Fargo & Company is the parent and holding company for Plaintiffs and other related entities and subsidiaries. To that end, Wells Fargo & Company is the exclusive owner of all rights, title and interest to the following United States trademarks:

a. U.S. Registration No. 3810870, as used since at least October 15, 1996, in connection with banking services; business banking services; and financial services. Registration Date: June 29, 2010. First Use Date: October 15, 1996. Below is the image associated with this mark:



b. U.S. Registration No. 3828859, as used since at least January 5, 2009, in connection with banking services; business banking services; financial services, namely, credit card and debit card services, among other things. Registration Date: August 3, 2010. First Use Date: January 5, 2009. Below is the image associated with this mark:

TOGETHER WE'LL GO FAR

c. U.S. Registration No. 3829087, as used since at least January 5, 2009, in connection with banking services; business banking services; financial services, namely credit card and debit card services, among other things. Registration Date August 3, 2010. First Use Date: January 5, 2009. Below is the image associated with this mark:



17. The registrations of the above marks are referred to collectively as the "Wells Fargo Marks." A copy of the registrations for each mark is attached as composite **Exhibit A**.

18. The trademark registrations set forth above are valid, unrevoked and uncancelled. The registration of those marks constitutes prima facie evidence of their validity and conclusive evidence of Wells Fargo & Company's exclusive right to use the Wells Fargo Marks in commerce. Wells Fargo & Company is the sole and exclusive owner of the Wells Fargo Marks as used in connection with the services referred to in each registration and of all of the associated goodwill.

**II.     Plaintiffs' Status as Non-Exclusive Licensees of the Wells Fargo Marks.**

19. Plaintiffs are non-exclusive licenses of the Wells Fargo Marks.

20. Plaintiffs, as well as other related entities and subsidiaries of Wells Fargo & Company, are authorized to use these marks in connection with their respective businesses.

21. The Wells Fargo Marks are symbolic of the goodwill and consumer recognition built up by Wells Fargo & Company and its related entities and subsidiaries, including Plaintiffs, through substantial amounts of time and effort in advertising and promotion.

22. For the last 50 years, Wells Fargo & Company its related entities and subsidiaries, including Plaintiffs, have spent considerable time and money promoting the Wells Fargo Marks in association with the banking and financial investment services offered and provided to customers.

23. Wells Fargo & Company and its related entities and subsidiaries, including Plaintiffs, have worked diligently to preserve, protect and promote the Wells Fargo Marks. As a result of those efforts, the Wells Fargo Marks are well known in the banking and investment industry across the United States, and are associated with not only Wells Fargo & Company, but also its related affiliates and subsidiaries, including Plaintiffs.

### III.   Defendants' Infringing Activities and Wrongful Acts.

25. Defendants purport to be in the film financing and production business. Weathervane advertises itself as "a private investing production company specializing in entertainment and other non-entertainment related projects" and as a "dollar for dollar matching production company."[1]

26. McConley claims to be "an up and coming producer, co-producer and financier of film industry projects through his company [FCP.]"[2] McConley also claims that he "leverages relationships and strategy with a team of select advisors finding projects that meet certain funding criteria."

27. In the course of their purported business, Defendants have used the Wells Fargo Marks – without Plaintiffs' or Wells Fargo & Company's knowledge or consent – in a variety of ways to induce others to believe Plaintiffs have made representations vouching for Defendants, when Plaintiffs have, in fact, not made any such representations regarding the Defendants.

28. Defendants have represented to various third parties that Defendants are capable of financing the production and marketing of movie(s), subject to an investor providing "matching funds" that will be used to obtain a line of credit from Wells Fargo Bank.

---

[1] Weatervane Production, http://www.weathervaneprod.com/ (last visited on October 17, 2016, 10:45 AM).
[2] CapitalKeys, *New CapitalKeys Client, Executive Producer Ben McConley Completes 2015 First Quarter On Strong Footing*, http://www.prnewswire.com/news-releases/new-capitalkeys-client-executive-producer-ben-mcconley-completes-2015-first-quarter-on-strong-footing-300082442.html (last visited on October 17, 2016, 11:01 AM).

29. Defendants further represented that Weathervane has secured funding to help it produce movie(s), but needs to find investors to match those funds to secure a necessary line of credit from Plaintiffs.

30. Defendants represent to third parties that WVP is a "special purpose vehicle" created for the purpose of obtaining a line of credit from Wells Fargo Bank. Defendants also represent to third parties that: (1) funds they provide to Defendants will be paid back in a short period of time with interest; and (2) the funds they provide to Defendants cannot be withdrawn from accounts at Wells Fargo Bank without the third party's express written consent.

31. Defendants have provided third parties with counterfeit and forged documents purporting to be from Plaintiffs, including letters, bank statements, and other documents which contain the Wells Fargo Marks, information that is not true and representations Plaintiffs have not made. Examples of the counterfeit and forged letters include:

   a. A letter dated June 18, 2015, purporting to be from Benjamin Rafael ("Rafael"), formerly of Wells Fargo Bank,[3] to WVP, FCP and Adana Investing, Inc.;

   b. A letter dated June 23, 2015, purporting to be from Rafael to Weathervane and Ms. Amy Habie of BSFG V1, LLC;

   c. A letter dated June 25, 2015, purporting to be from Rafael to Van Eman and Graham Shear ("Shear");

   d. A letter dated July 9, 2015, purporting to be from Rafael to WVP, FCP and Adana Investing, Inc.;

   e. A letter dated July 30, 2015, purporting to be from Rafael to Van Eman and Shear;

---

[3] Mr. Rafael was terminated from Wells Fargo Bank on June 17, 2015.

    f. A letter dated October 1, 2015, purporting to be from Rafael to FCP, WVP, Van Eman and Shear;

    g. A letter dated October 2, 2015, purporting to be from Rafael to FCP, WVP and Van Eman; and

    h. A letter dated August 8, 2016, purporting to be from Jim McHale of Wells Fargo Advisors to McConley.

Copies of the counterfeit letters are attached as composite **Exhibit B**.

32. Defendants' conduct has led to a number of demands, claims and lawsuits being made or filed against Defendants, including at least two lawsuits in this District alleging claims for fraud, civil conspiracy and/or conversion. Each of these lawsuits is based upon the conduct described above. For example:

    a. In *Adana Investing, Inc. v. Forrest Capital Partners, Inc., et al.*, Case No.: 1:15-cv-24038-MGC (S.D. Fla.), the plaintiff alleged that Defendants engaged in the conduct described above to obtain more than $15 million from the plaintiff. A copy of the *Adana* Complaint, which includes claims for conversion, fraud in the inducement, and civil conspiracy, is attached as **Exhibit C**.

    b. In *Superhuman International Pty Ltd. v. Benjamin Forrest McConley, Jason Van Eman, Forrest Capital Partners, Inc., Weathervane Productions, Inc., et al.,* Case No. 1:15-cv-22690-CMA (S.D. Fla), the plaintiff claims Defendants fraudulently induced the plaintiff to provide $3,961,873 in funding to Defendants and Defendants conspired to commit fraud and converted the plaintiff's funds. A copy of the Superhuman Complaint is attached as **Exhibit D**.

33. Defendants' conduct has also resulted in demands, claims and lawsuits being made or filed against Plaintiffs, including:

   a. *Adana Investing, Inc. v. Wells Fargo Bank, N.A., Wells Fargo Advisors, LLC, Benjamin Rafael, Hernan Bermudez, et al.*, Case No. 1:16-cv-21562 (S.D. Fla). This lawsuit seeks over $32 million in damages. A copy of this complaint is attached as **Exhibit E**. Wells Fargo has again had to retain undersigned counsel to defend these claims.

   b. *Baker Film Fund, LLC v. Weathervane Productions, Inc., et al.*, Case No. SC126457 (Superior Court, Los Angeles, California).[4] This lawsuit alleges at least $6 million in damages. A copy of the complaint is attached as **Exhibit F**. Wells Fargo has again had to retain undersigned counsel to defend these claims.

34. Defendants' unauthorized use of the Wells Fargo Marks is likely to cause consumer confusion, or to cause mistake or deceive the consuming public, by causing others to mistakenly assume Defendants have funds on deposit at Plaintiffs which they do not have, or lines of credit with Plaintiffs which they do not have, or otherwise mistakenly assume an affiliation, connection or association of Defendants and their conduct with Plaintiffs.

35. Defendants have no permission, purpose or reason for using the Wells Fargo Marks other than to capitalize on Plaintiffs' reputation and goodwill and to deceive third parties.

36. Plaintiffs have suffered, and continue to suffer, substantial and incalculable damages as a result of Defendants' conduct. These damages include, but are not limited to, the attorneys' fees that Plaintiffs have already incurred, and will continue to incur, defending themselves in the litigation that has resulted from Defendants' conduct, responding to demands

---

[4] This case has subsequently been removed to the United States District Court, Central District of California, Case No.: 2:16-cv-7979

and claims from third parties, and the irreparable harm to Plaintiffs reputations and associated goodwills.

**COUNT I – AGAINST ALL DEFENDANTS**
**Misrepresentation, False Designation of Origin, False Advertising and Unfair Competition Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**
**Damages and Injunctive Relief**

37. Plaintiffs incorporate the general allegations above.

38. As a result of Plaintiffs' long-standing use of the Wells Fargo Marks throughout the United States, the Wells Fargo Marks have achieved substantial goodwill, recognition and reputation in the banking and investment services industry.

39. Defendants' unauthorized and improper use of the Wells Fargo Marks misrepresents the nature, characteristic, and/or qualities of Defendants' relationship with Plaintiffs, and falsely attributes to Plaintiffs statements and representations Plaintiffs did not make. Defendants have therefore knowingly made a false or misleading description or representation of fact in commerce.

40. Defendants' false and misleading descriptions and misleading representations of fact have resulted in a likelihood of confusion in commerce, whereby several ordinary prudent third parties have been, and are likely to be, misled into believing that Plaintiffs made the statements and representations Plaintiffs did not make.

41. Defendants' deception is material because it causes, or tends to cause, the consuming public to wrongfully believe that Plaintiffs have vouched for Defendants, or has made statements or representations about Defendants that Plaintiffs have not made and that are not true.

42. Defendants knowingly and willfully used and continue to use the Wells Fargo Marks, despite their knowledge that such use is without consent.

43. Defendants' false designation of origin constitutes a violation of the Lanham Act, 15 U.S.C. § 1125(a).

44. Defendants acts further constitute unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Plaintiffs have suffered and will continue to suffer irreparable harm as a result of Defendants' actions, unless Defendants are enjoined from engaging in the misrepresentation, false designation of origin and unfair competition described above.[5]

46. As a direct and foreseeable result of Defendants' conduct, Plaintiffs have been injured and has suffered damages in an amount to be determined at trial.

## COUNT II – AGAINST ALL DEFENDANTS
### Unfair and Deceptive Trade Practices
### § 501.201, *et. seq.*, Florida Statutes
### Damages and Injunctive Relief

47. Plaintiffs incorporate the general allegations above.

48. Defendants' unfair competition and false designation of origin constitute unfair or deceptive acts or practices in the conduct of trade or commerce.

49. Defendants' actions have caused, and continue to cause, Plaintiffs to suffer irreparable harm to their reputation and associated goodwill. Unless Defendants are preliminarily and permanently enjoined from their actions, Plaintiffs will continue to be irreparably harmed.

50. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT III – AGAINST ALL DEFENDANTS
### The Wrongful Act Doctrine
### Damages

---

[5] While Plaintiffs are not the owners of the Wells Fargo Marks, Defendants can still be held liable to Plaintiffs because they are "person[s] who believe[] that he or she is or is likely to be damaged" by Defendants conduct. *See* 15 U.S.C. § 1125(a); *see also Aceto Corp. v. TherapeuticsMD, Inc.*, 953 F.Supp.2d 1269, 1281 (S.D. Fla. 2013) (non-exclusive licensees have standing to bring claims under section 43(a) of the Lanham Act).

51. Plaintiffs incorporate the general allegations above.

52. Defendants' conduct described above is improper under Florida and federal law, and constitutes "wrongful" conduct under the wrongful act doctrine.

53. Defendants' wrongful conduct has caused at least two lawsuits to be filed against Plaintiffs – i.e., the *Adana* and *Baker Film Fund* litigation.

54. Additional third parties who claim to have been given or shown the counterfeit documents by Defendants have threatened to file lawsuits against Plaintiffs based on the counterfeit documents. Plaintiffs have had to engage counsel to defend and respond to the third party claims.

55. As a direct, proximate and foreseeable result of Defendants' wrongful conduct, Plaintiffs have been damaged by loss of value to the Wells Fargo Marks, having to spend money on attorneys' fees defending itself in the *Adana* and *Baker Film Fund* litigation and to respond to third-party claims based on the counterfeit documents.

COUNT-IV– AGAINST ALL DEFENDANTS
**Common Law Indemnification
Damages**

56. Plaintiffs incorporate the general allegations above.

57. Plaintiffs are without fault for Defendants' conduct described above. Plaintiffs did not participate in or encourage Defendants' conduct described above, and thus Plaintiffs' liability is vicarious, constructive, derivative or technical.

58. Defendants are at fault for the conduct described above which has led to at least two lawsuits being filed against Plaintiffs and additional third parties to threaten litigation against Plaintiffs.

59. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered, and will continue to suffer, damages in the form of attorneys' fees and damage to its reputation and associated goodwill.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

A. Defendants, their officers, agents, servants, employees, attorneys, privies, subsidiaries, divisions, successors and assigns, and all persons and organizations in active concert, participation or combination with any of the foregoing be permanently ordered to:

1. Stop using the Wells Fargo Marks or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive third parties;

2. Stop using, in connection with any past, present or future transaction, the Wells Fargo Marks in any communication falsely designating, representing or implying that Plaintiffs are the source of the communication; and

3. Returning to Plaintiffs all documents, communications or any other items in Defendants' possession, custody or control that contain the Wells Fargo Marks.

B. That Plaintiffs obtain the following relief:

1. All compensatory damages pled and proven in an amount to be determined at trial pursuant to 15 U.S.C. § 1117;

2. The attorneys' fees and costs in the litigation incurred by Plaintiffs;

3. For the attorneys' fees and costs Plaintiffs have incurred, and will incur responding to and defending third party claims based on the counterfeit documents and Defendants' conduct described above;

4. An order granting immediate permanent injunctive relief necessary to prevent Defendants' continued violation of the Wells Fargo Marks, and to prevent the irreparable harm that would flow to Plaintiffs from Defendants' wrongful conduct; and

5. Such other and further relief as this Court may deem just and proper.

Dated: December 20, 2016

/s/ *Patrick M. Causey*
Patrick M. Causey – FBN: 86443
pcausey@trenam.com; jsraw@trenam.com
Charles M. Harris, Jr.  – FBN: 967459
charris@trenam.com; gkesinger@trenam.com
Beth A. Cronin – FBN: 0054933
bcronin@trenam.com; slord@trenam.com
200 Central Avenue, Suite 1600
St. Petersburg, FL  33701
727-896-7171  /  727-822-8048 (facsimile)
*Counsel for Defendant Wells Fargo Bank, N.A.*

JOSEPH A. VALLO.
Florida Bar No. 972096
ValloJ@gtlaw.com
BETH A. BLACK.
Florida Bar No. 116371
BlackB@gtlaw.com
777 South Flagler Drive
West Palm Beach, Florida 33401
Telephone: (561) 650-7900
Facsimile: (561) 655-6222

EVA M. SPAHN.
Florida Bar No. 0092063
SpahnE@gtlaw.com
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
*Counsel for Defendant Wells Fargo Advisors, LLC*