UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-25266

WELLS FARGO BANK, N.A. AND
WELLS FARGO ADVISORS, LLC
        Plaintiff,
  v.
FORREST CAPITAL PARTNERS, Inc.,
FORREST CAPITAL AND CO. LLC,
WEATHERVANE PRODUCTIONS, INC.
WVP HOLDING, LLC., BENJAMIN MCCONLEY,
and JASON VAN EMAN
        Defendants.

### MOTION TO VACATE DEFAULTS AND MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING

Defendants, Forrest Capital Partners, Inc., Forrest Capital and Co. LLC., WeatherVane Productions, Inc., WVP Holding, LLC., Benjamin McConley and Jason Van Eman, (collectively, the "Defendants"), by and through undersigned counsel file this, their Motion to Vacate Defaults and Motion for Extension of Time to File Responsive Pleadings and does state:

### BACKGROUND

On or about December 20, 2016, Plaintiffs filed their multi-count Complaint against the Defendants. The basis of the complaint involves Defendants alleged unfair competition, violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), the Wrongful Act Doctrine, and Common Law Indemnification.

According to the docket herein, Defendants, Benjamin McConley, Jason Van Eman, Forrest Capital Partners, Inc., and Forrest Capital and Co., LLC were served on or about December 30, 2016, with a 21 day response/answer filing deadline of January 20, 2017. Defendant, WeatherVane Productions, Inc., was served on or about January 5, 2017, with a 21 day

response/answer filing deadline of January 26, 2017. Defendant, WVP Holding, LLC was served on or about January 9, 2017, with a 21 day response/answer filing deadline of January 30, 2017.

Defendants believed that their prior attorney in an unrelated case was also handling the present case. Due to Defendants expectation and lack of assistance of their prior counsel, Defendants did not know that they were required to file a responsive pleading in the present case for a date certain.

Clerk Defaults were entered against Defendants, Benjamin McConley, Jason Van Eman, Forrest Capital Partners, Inc., and Forrest Capital and Co., LLC, on January 25, 2017, against Defendant, WeatherVane Productions, Inc., on January 30, 2017, and against WVP Holdings, LLC on January 31, 2017.

Recently, Defendants retained undersigned counsel. In order to resolve this issue in an expeditious manner without Court intervention, undersigned inquired via e-mail whether Plaintiff would oppose the vacating of the Defaults as the defaults were recently entered and no prejudice existed. Plaintiffs did not respond to our February 6, 2017 e-mail.

## **LEGAL ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he Court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." As such, the standard for setting aside an entry of default and the standard for setting aside an entry of default are different from one another. Courts apply an "excusable neglect" standard in evaluating whether to set aside a default judgment, but that standard is more rigorous than the "good cause" standard applied in setting aside only an entry of default, as in the instant case. *Equal Employment Opportunity Commission v. Mike Smith Pontiac GMC,* 896 F.2d 524, 528 (11th Cir. 1990).

"Good cause" has been described as a "mutable standard, varying from situation to situation," *Coon v. Greiner,* 867 F.2d. 73, 76 (1st Cir. 1989) and although "it is not susceptible to

2

a precise formula … some general guidelines are commonly applied." *Compania Interomericana Export-Impoirt v. Compania Dominicana de Aviacion,* 88 F.3d 948 (11th Cir. 1996).  A court may generally consider such factors as whether the default was willful, whether there will be prejudice in setting aside the default to the adversary, and whether there exists a meritorious defense. *Compania,* 88 F.3d at 951.  Other factors that may be considered include whether the public interest is implicated, if there will be significant financial loss to the defaulting party, and whether the defaulting party acted with reasonable diligence to correct the default. *Id.*

Moreover, Courts have regularly held that, with regards to vacating defaults, "the usual preferences are the cases be heard on the merits rather than resorting to … depriv[ing] a litigant of his day in court." *See e.g. Wahl v. McIver,* 773 F.2d 1169 (11th Cir. 1985).

In the present case, the Defendants believed that their prior attorney in an unrelated case was also handling the present case.  Due to Defendants expectation, Defendants failure to set a reminder to respond, and ineffective assistance of their prior counsel, Defendants did not know that they were required to file a response in the present case for a date certain.

Defendants also attempted to mitigate the problem by having Plaintiff agree to vacate the Defaults for judicial economy.  Having received no response, Defendants filed the instant motions.  Based on the timeframe, Defendants moved diligently to set aside the Default also, the Plaintiff would not experience prejudice if the Default was set aside.

There is little doubt that the Defendants will suffer substantial financial hardship should the Defaults not be vacated.  Plaintiffs have requested injunctive relief which, if granted by default, would wrongfully terminate Defendants' business and interfere with business relations as well as potential third party contracts.  Additionally, Plaintiffs have requested substantial damages, which should not be entered based on a default of liability when meritorious defenses exist.

WHEREFORE, Defendants request an Order from this Court vacating the Defaults entered in this matter, allow the case to proceed on its merits, and allow for a reasonable extension of time for Defendants to file a proper responsive pleading and other such relief as this Court deems just and right.

### Conferral

Undersigned's office inquired via e-mail whether Plaintiff would oppose the vacating of the Defaults and Plaintiffs have not yet responded to the February 6, 2017 e-mail.

*Respectfully Submitted,*

Silverberg & Weiss, P.A.
*Attorneys for Defendants*
1290 Weston Road, Suite 218
Weston, Florida 33326
Notices@pkslegal.com
(954) 384-0998 tel. / (954) 384-5390 fax.

By: ___/s/Paul Silverberg_____
Paul K. Silverberg, Esq.
Florida Bar No. 147877

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email pursuant to the administrative procedures to the parties named on the attached Service List on this 13th day of February, 2017.

By: ___/s/Paul Silverberg_____
Paul K. Silverberg

### SERVICE LIST

**Beth Anne Cronin**
*Attorney for Plaintiff   Wells Fargo Bank, N.A*
Trenam Kemker Scharf Barkin
200 Central Ave.
Suite 1600
St. Petersburg, FL 33701
T. 727-824-6149
F. 727-820-0835
Email: brconin@trenam.com

4

**Charles Murray Harris, Jr.**
*Attorney for Plaintiff*
Trenam Kemker Scharf Barkin
200 Central Ave.
Suite 1600
St. Petersburg, FL 33701
T. 727-824-6149
F. 727-820-0835
Email: charris@trenam.com

**Patrick Michael Causey**
*Attorney for Plaintiff    Wells Fargo Bank, N.A*
Trenam Law
200 Central Ave.
Suite 1600
St. Petersburg, FL 33701
T. 727-824-6149
F. 727-820-0835
Email: pcausey@trenam.com

**Beth A. Black**
*Attorney for Plaintiff Wells Fargo Advisors, LLC*
Greenberg Traurig, P.A.
777 South Flagler Dr.
Suite 300 E.
West Palm Beach, FL 33401
T. 561-650-7963
F. 561-655-6222
Email: blackb@gtlaw.com

**Eva Merian Sepahn**
Greenberg Traurig
*Attorney for Plaintiff Wells Fargo Advisors, LLC*
333 Avenue of the Americas
Suite 4400
Miami, FL 33131
T. 305-579-0500
E. spahne@gtlaw.com

**Joseph A. Vallo**
Greenberg Traurig
*Attorney for Plaintiff Wells Fargo Advisors, LLC*
200 Park Ave.
New York, NY 10166
T. 212-801-6903
F. 212-805-5563
E. valloj@jtlaw.com